```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 15-60984-CV-GAYLES
                              MAGISTRATE JUDGE P.A. WHITE

SINCLAIR ROBINSON,            :

     Plaintiff,               :

v.                            :         REPORT OF
                                        MAGISTRATE JUDGE
FAISAL AFZAL, et al.,         :

     Defendants.              :
_____
```

## I. Introduction

Sinclair Robinson has filed a pro se civil rights complaint pursuant to 42 U.S.C. §1983. The plaintiff is proceeding in forma pauperis. He seeks monetary damages. This Cause is before the Court upon a screening of the complaint pursuant to 28 U.S.C. §1915.

The plaintiff has named four defendants: Assistant Public Defender Faisal Afzal, Assistant State Attorney Richard Martell, Department of Corrections Classification Officer Becky Lawson and the Florida Department of Corrections. He seeks compensatory, punitive and nominal damages. He also seeks injunctive relief in form of an order directing either his immediate release or transfer to a federal facility during the pendency of this Section 1983 proceeding.

The plaintiff alleges that, on June 14, 2007, Afzal permitted him to enter a plea of guilty to charges which were dismissed by the state. He alleges that on, July 22, 2010, Martell committed fraud upon the court by arguing in state's response to the plaintiff's motion for post conviction that the charges that resulted in the plaintiff's sentence were not dismissed. He alleges that on August 13, 2012 Lawson filed an affidavit to the state

court in support of Afzal's motion to dismiss the plaintiff's state court lawsuit.[1] Finally, he alleges that from August 15, 2010 until January 9, 2012 the Department of Corrections violated his 14th and 8th Amendment rights by ordering that the plaintiff's release date was "under review."

The plaintiff also filed an pleading entitled Supplemental Amended Pleading. In the amended pleading he requested leave to add a defendant to the initial complaint. In the amended pleading he names the Department of Corrections as defendant and alleges that on October 29, 2015 a false disciplinary report was filed against him which obstructed his legal mail.

In addition to the initial complaint and the supplemental amended complaint, the plaintiff has filed a Motion for Preliminary Injunction and Memorandum of Law. He asks the court to issue a preliminary injunction to prevent the Department of Corrections from retaliating against him for exercising his right of access to court. In this motion the plaintiff also raises a new claim against the Department of Corrections alleging that the department has failed to adequately comply with statewide and federal fire safety regulations in its confinement dormitories.

## II. Analysis
### A. Applicable Law for Screening

As amended, 28 U.S.C. §1915 provides that notwithstanding any filed fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action (1) is frivolous or malicious; (2) fails to state

---

[1] It is apparent form the plaintiff's allegations and exhibits that he has a state tort action pending in the 17th Judicial Circuit Court of Florida.

a claim on which relief may be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2).

This is a civil rights action Pursuant to 42 U.S.C. §1983. Such actions require the deprivation of a federally protected right by a person acting under color of state law. See 42 U.S.C. 1983; Polk County v Dodson, 454 U.S.312 (1981); Whitehorn v Harrelson, 758 F. 2d 1416, 1419 (11 Cir. 1985. The standard for determining whether a complaint states a claim upon which relief may be granted is the same whether under 28 U.S.C. §1915(e)(2)(B) or Fed.R.Civ.P. 12(b)(6) or (c). See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. Arrington v. Cobb County, 139 F.3d 865, 872 (11 Cir. 1998).

To determine whether a complaint fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Twombly applies to §1983 prisoner actions. See Douglas v. Yates, 535 F.3d 1316, 1321 (11 Cir. 2008). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Second, the Court must determine whether the complaint states a plausible claim for relief. Id. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred.[2]

B. Sufficiency of the complaint

The sufficiency of the complaint will be addressed in regards to each claim as applied to each individual defendant.

Defendant Faisal Afzal

The claim against Afzal relates to events that occurred in June 14, 2007 at a hearing during which the plaintiff pleaded

---

[2] The application of the Twombly standard was clarified in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).

guilty to a violation of community control.[3] The plaintiff claims that Afzal allowed him to plead guilty to charges which were dismissed, resulting in an unlawful 20 years sentence. It is unnecessary to address the merits of this claim as it is barred by the statute of limitations.

In Clark v. State of Georgia Pardons and Parole Board, 915 F.2d 636 (11 Cir. 1990), the court noted that even if the complaint states a cause of action, it can be frivolous within the meaning of 28 U.S.C. §1915 if, for example, an affirmative defense such as expiration of the statute of limitations applies. Id. at 640, n.2.

A federal court must apply state law to determine the statute of limitations applicable to a civil rights suit pursuant to 42 U.S.C. §1983. Dukes v. Smitherman, 32 F.3d 531 (11 Cir. 1994). In Wilson v. Garcia, 471 U.S. 261 (1985), the Supreme Court held that actions pursuant to 42 U.S.C. §1983 are best characterized as personal injury actions. Such claims in Florida are governed by Fla.Stat. §95.11(3)(a), actions founded on negligence, or Fla.Stat. §95.11(3)(o), actions for assault, battery false arrest, malicious prosecution, malicious interference, false imprisonment, or other intentional tort, except as provided in other sections wholly irrelevant to the claims of this complaint. Both of these sections establish four year periods of limitations.

Thereafter, the Supreme Court decided Owens v. Okure, 488 U.S. 235 (1989), holding that when a state has multiple statutes of limitations for personal injury actions as does Florida, courts considering §1983 claims should borrow the state's general or

---

[3]The undersigned takes judicial notice of the records of this court in case number 11-60851-CV-Cohn in which the plaintiff sought federal habeas corpus relief.

5

residual personal injury statute of limitations.  In Florida, this is Fla. Stat. §95.11(3)(p), four years for actions not specifically provided for.

A federal court applying a state statute of limitations to an inmate's federal civil rights action must also apply any state statute tolling the limitations period for prisoners. Hardin v. Straub, 490 U.S. 536 (1989); Dukes v. Smitherman, 32 F.3d 531 (11 Cir. 1994).  Florida has a general tolling statute, Fla.Stat. §95.051, but it does not toll limitations periods for prisoners.

The four year statute of limitations for a §1983 action has clearly expired in this case. The plaintiff's claim is premised upon events that occurred on June 14, 2007. The complaint was not filed until May 2015, nearly eight years after the events alleged in the complaint.[4] Therefore the claim against defendant Afzal should be dismissed as barred by the statute of limitations.

Defendant Martell

The plaintiff alleges that Martell committed fraud upon the court in his response to the plaintiff's motion for post conviction relief that was filed in the state court on July 22, 2010. He contends that Martell made a false statement in the response when he stated that "Contrary to the Defendant's belief none of the charges were nolle prossed." As with the plaintiff's first claim, this claim is barred by the statute of limiations.

As discussed above, the statute of limitations is four years. The actions upon which this claim is based occurred on July 22,

---

[4] As noted in the plaintiff's habeas proceedings, he was aware that certain charges that warranted his violation of probation had been dismissed. (11-60851, DE# 11, p. 2).

6

2010 with the filing of the state's response in the post conviction proceedings. Since the instant complaint was filed five years after the events giving rise to this claim, it is barred by the four year statute of limitations. The claim against Martell should be dismissed.

Defendant Lawson

The plaintiff alleges that on August 13, 2013 Lawson violated his rights by providing an affidavit to defendant Afzal's attorney to "testify in the manner as an expert witness, with expert testimony, that plaintiff's lawsuit should be dismissed." He contends that this action by Lawson was outside the scope of her job and constituted professional negligence, violating his rights against malicious prosecution and equal protection of the 14th Amendment.

The plaintiff claims of malicious prosecution and an equal protection violation are not supported by sufficient factual allegations. In order to "establish a federal malicious prosecution claim under§ 1983, a plaintiff must prove (1) the elements of the common law tort of malicious prosecution, and (2) a violation of her Fourth Amendment right to be free from unreasonable seizures." Kingsland v. City of Miami, 382 F.3d 1220, 1234 (11th Cir. 2004). "Under Florida law, a plaintiff must establish each of six elements to support a claim of malicious prosecution: (1) an original judicial proceeding against the present plaintiff was commenced or continued; (2) the present defendant was the legal cause of the original proceeding; (3) the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff; (4) there was an absence of probable cause for the original proceeding; (5) there was malice on the part of the present defendant; and (6) the plaintiff suffered damages as a

7

result of the original proceeding." Id. (citing Durkin v. Davis, 814 So.2d 1246, 1248 (Fla. 2nd DCA 2002). In the instant case the plaintiff's factual allegations fail to support an claim of malicious prosecution against Lawson. There was no initiation of criminal proceedings that were caused by Lawson. In the absence of any such proceeding, Lawson cannot be liable for malicious prosecution. The claim against Lawson for malicious prosecution should be dismissed.

The plaintiff has also raised an equal protection claim against Lawson. The Equal Protection Clause of the Fourteenth Amendment requires the government to treat similarly situated people alike. City of Cleburne, Tex. v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985). To establish such a claim, a prisoner can allege that: "(1) he is similarly situated with other prisoners who received more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest, such as race." Jones v. Ray, 279 F.3d 944, 946-47 (11 Cir. 2001) (internal quotations omitted); Damiano v. Fla. Parole & Prob. Comm'n, 785 F.2d 929, 932-33 (11 Cir. 1986).  If a suspect classification, such as race, or a fundamental right is implicated, a court must apply strict scrutiny to that claim. See Johnson v. California, 543 U.S. 499, 506-07 (2005) (holding that strict scrutiny is the appropriate standard of review for racial classifications even in the prison context).

The plaintiff has failed to allege any fact that indicates that he has been treated less favorably than any other prisoner. He has also failed to allege that the actions of Lawson were based on some constitutionally protected interest. In the absence of such allegations this equal protection claim should be dismissed.

<u>Department of Corrections</u>

The plaintiff alleges that from August 15, 2010 until January 9, 2012 his release date was "under review." He complains that Department failed to adequately respond to his requests as to why his release date was under review. He seems to contend that as a result of this uncertainty regarding his release date he had to undergo a psychological emergency. He further claims that the Department accepted him in custody without the mandatory prerequisite "Uniform Commitment to Custody" documents.

As to the Department's failure to adequately respond to his request about his release date, the plaintiff alleges that the actions of the Department violated his Due Process and Equal Protection Rights under the 14th Amendment. He also contends that the actions constituted cruel and unusual punishment. The plaintiff contends that the Department entered into a conspiracy of fraud malicious prosecution, illegal detainment and cruel and unusual punishment when it took custody of him in 2007 without the Uniform Commitment to Custody documents.

To the extent that plaintiff seeks monetary damages against the Department his claims are barred by sovereign immunity. <u>See Stevens v. Gay</u>, 864 F.2d 113, 115 (11th Cir.1989); <u>Leonard v. Dep't of Corr. Florida</u>, 232 F. App'x 892, 894 (11th Cir. 2007). Thus, his claim for damages against the Department should be dismissed. Any injunctive relief concerning the Department's failure to adequately advise the plaintiff of his release date is moot as the plaintiff is presently listed on the Department's website July 24, 2020. Thus the plaintiff's claim concerning the Department's failure to adequately advise him of his tentative release date should be dismissed for failure to state a claim.

As to the plaintiff's claim regarding the alleged lack of the Uniform Commitment to Custody documents, this claim is without merit and barred by the statute of limitations. According to the plaintiff's allegations, he entered the custody of the Department on December 27, 2007. The instant complaint was filed in May 2015, more than seven years after he entered the Department's custody and three and a half years after the four year statute of limitations period expired.

Even if the Department did not receive the documents, there has been no showing of a constitutional claim. Assuming the documents were not transmitted[5], the failure to obtain the documents would be at best a state law issue. Thus, this claim should be dismissed as barred by the statute of limitations, and alternatively, as without merit.

Supplemental Complaint and Motion for Preliminary Injunction

In both his supplemental complaint and his motion for preliminary injunction the plaintiff has raised claims that are at best only tangentially related to the claims raised in his initial complaint. In his supplemental complaint he raises a claim of interference with access to court by the Department, alleging that a false disciplinary report was filed against him in to prevent him from meeting a state court deadline for filing a response in his state civil suit. He seeks to add this claim to his initial complaint. In his motion for preliminary injunction he raises the same interference with access to court claim as well as a claim that the Department has failed to abide by federal fire safety regulations in violation of the 8th Amendment. He contends that the

---

[5] However, the exhibits contained in the plaintiff's prior Section 2254 petition contain a copy of the Uniform Commitment Order. (11-60851, DE# 9-1, p. 4).

failure to meet the fire regulations puts himself and other inmates in danger in the event of a fire.

These claims do not relate to the claims raised in the initial complaint. The initial complaint addressed issues regarding what the plaintiff contends is an unlawful incarceration. The claims raised in the supplemental complaint and the motion for preliminary injunction address claims related to the conditions of his confinement. These claims do not originate from the same transaction or series of transactions that provide the factual basis for the plaintiff's initial complaint.[6] Since the claims are unrelated to the initial complaint they should be dismissed without prejudice to the plaintiff filing a new complaint raising these issues. The undersigned does not offer any opinion on the relative merits of these unrelated claims.

### III. Conclusion & Recommendation

It is recommended that:

1. The claims against defendant Afzal should be dismissed with prejudice as barred by the statute of limitations;

2. The claims against defendant Martell should be dismissed with prejudice as barred by the statute of limitations;

3. The claims against defendant Lawson should be dismissed with prejudice for failure to state a claim upon which relief can be granted;

4. The claim for monetary damages against the defendant Department of Corrections should be dismissed with prejudice as barred by sovereign immunity;

5. Any claim for injunctive relief against the Department raised in the initial complaint should be dismissed with prejudice as moot;

---

[6]The undersigned has already very liberally construed the initial complaint to permit each of the claims to proceed in a single action.

6. The plaintiff's supplemental amended complaint and motion for preliminary injunction should be dismissed without prejudice as they are not related to the events presented in the initial complaint.

Objections to this Recommendation may be filed within fourteen days following receipt.

Dated at Miami, Florida, this 8th day of February, 2016.

UNITED STATES MAGISTRATE JUDGE

cc: Sinclair Robinson
 DOC# L39020
 Okeechobee Correctional Institution
 Inmate Mail/Parcels
 3420 NE 168th Street
 Okeechobee, FL 34972