**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 15-60984-CIV-GAYLES/WHITE**

**SINCLAIR ROBINSON,**
                     **Plaintiff,**

          **v.**

**FAISAL AFZAL; BECKY LAWSON;**
**RICHARD B. MARTELL; and**
**JULIE L. JONES,** *Secretary, Florida*
*Department of Corrections*,
                     **Defendants.**
                                                            /

**ORDER**

     **THIS CAUSE** comes before the Court on Magistrate Judge Patrick A. White's Report of

Magistrate Judge (the "Report") [ECF No. 21], entered on February 8, 2016. Plaintiff Sinclair

Robinson*, pro se*, filed a Complaint alleging that the Defendants committed violations of 42

U.S.C. § 1983. [ECF No. 1]. The matter was referred to the Magistrate, pursuant to 28 U.S.C.

§ 636(b)(1)(B) and Administrative Order 2003-19 of this Court, for a ruling on all pretrial, non-

dispositive matters, and for a Report and Recommendation on any dispositive matters. [ECF No.

18]. The Plaintiff also filed a Supplemental Amended Complaint and a Motion for Preliminary

Injunction, in which he seeks to add additional claims and defendants to the original Complaint.

[ECF Nos. 15 & 16]. The Report recommends that the Court dismiss with prejudice the Plaintiff's

Section 1983 claims and dismiss without prejudice his Supplemental Amended Complaint and

Motion for Preliminary Injunction, as they are not related to the events presented in the initial

complaint. Report at 11-12. The Plaintiff was instructed to file any Objections to the Report and

Recommendation within fourteen days following receipt. *Id.* at 12.

The Plaintiff failed to file a timely objection to the Report, and instead filed a motion, captioned "Motion to Concede with Report and Recommendation with Dissenting Special Opinion" ("Motion for Special Opinion") [ECF No. 22], in which he makes certain requests of this Court, which will be recounted *infra*. In any event, these requests do not amount to objections, as Robinson specifically states within the Motion for Special Opinion that he makes these requests "[b]efore [he] files any objection to Judge White's R and R." Mot. for Spec. Op. at 2.

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which objection is made are accorded *de novo* review, if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). If there are no objections, the district court need only review the report and recommendation for "clear error." *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam). However, even if no objections are filed, the court may "undertake 'further review . . . *sua sponte* . . . under a *de novo* or any other standard.'" *Stephens v. Tolbert*, 471 F.3d 1173, 1176 (11th Cir. 2006) (quoting *Thomas v. Arn*, 474 U.S. 140, 154 (1985)).

This Court *sua sponte* has decided to undertake a *de novo* review of this case. For the reasons that follow, the Court adopts the Report in part. Accordingly, the Complaint shall be dismissed, the Supplemental Amended Complaint (which the Court construes as a Motion for Leave to File an Amended Complaint) shall be dismissed, the Motion for Preliminary Injunction shall be denied, and the Motion for Special Opinion shall be denied.

## I.     BACKGROUND

### A.     *Underlying Criminal History and Original Habeas Proceeding*

The Plaintiff, Sinclair Robinson, was originally convicted (after pleading nolo contendere) of two counts of robbery with a firearm and one count of carjacking in the Seventeenth Judicial

Circuit in and for Broward County, Florida. Report of Magistrate Judge at 2, *Robinson v. Tucker*, No. 11-60851, ECF No. 11 (S.D. Fla. Dec. 21, 2011) ("Habeas R&R"), *report and recommendation adopted*, ECF No. 13 (S.D. Fla. Jan. 10, 2012) ("Habeas Final Judgment").[1] He was sentenced in 2002 to four years' imprisonment, followed by two years of community control. *Id.* at 2. Robinson was found to be in violation of his community control four times over the next several years. *Id.* The last violation, in 2007, was the subject of an affidavit of violation of community control wherein the probation officer noted seven substantive violations, including possession of a firearm and ammunition. *Id.* The affidavit also alleged that Robinson committed the crimes of false imprisonment, battery, and aggravated assault. *Id.* The state court appointed a public defender to represent Robinson. *Id.* Robinson thereafter admitted those violations of community control. *Id.*

On August 15, 2007, a different judge adjudicated Robinson to be in violation of community control for the fourth time, and he was sentenced to twenty years' imprisonment. *Id.* Robinson did not directly appeal this adjudication and sentence. *See* State's Resp. to Def.'s Mot. to Correct Illegal Sentence or to Set Aside Plea at 2, *State v. Robinson*, No. 01-15494 (Fla. 17th. Cir. Ct. Nov. 19, 2007). The following month, Robinson filed a motion to correct an illegal sentence, acknowledging that he had admitted to the substantive offenses of false imprisonment, battery, and aggravated assault, even though those charges had not been independently pursued by the state. Habeas R&R at 3. He argued that his sentence exceeded the six-year maximum sentence as a youthful offender as no new violation was substantiated. *Id.* The trial court denied this motion. *Id.* While his appeal was pending, Robinson filed, through counsel, a motion to correct sentencing error, contending that his sentence was imposed in violation of Florida Rule of Criminal Procedure 3.700(c)(1). *Id.* In that motion, he argued only that the rule requires that his sentence be imposed

---

[1]   In undergoing a Rule 12(b)(6) analysis, courts are permitted to "take judicial notice of and consider documents which are public records." *Day v. Taylor*, 400 F.3d 1272, 1275-76 (11th Cir. 2005).

by the same judge who accepted his plea; he did not argue that this failure to have the same judge impose his sentence was a constitutional violation. *Id.* He then filed a brief raising this issue only. *Id.* Florida's Fourth District Court of Appeal affirmed Robinson's sentence and denied his motion for rehearing. *Robinson v. State*, 11 So. 3d 962 (Fla. 4th DCA 2009). The U.S. Supreme Court later denied Robinson's petition for a writ of certiorari. *Robinson v. Florida*, 558 U.S. 1120 (2010) (mem.).

On July 14, 2010, Robinson filed a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850, in which he asserted four claims of ineffective assistance of counsel. Habeas R&R at 3. The state court found that none of the claims had merit and denied the motion. *Id.* Robinson did not appeal this denial. *Id.* He then filed a petition for a writ of habeas corpus in federal court on April 18, 2011, raising the same four claims that he raised in his state court post-conviction motion. *Id.* at 4. He claimed he was actually innocent of the probation violation charges, because the victim—his girlfriend—submitted an affidavit that the charges of false imprisonment, battery, and aggravated assault did not occur. *Id.* at 6. The petition was referred to Judge White, who recommended that Robinson's failure to appeal the denial of his 2010 state court postconviction motion meant he failed to exhaust the claims contained within that petition, and any attempt to exhaust those claims in state court would be procedurally barred. *Id.* at 4-6, 8.

Judge Cohn, the presiding district judge, agreed with Judge White's recommendation. *See* Habeas Final Judgment at 1-3. Regarding the actual innocence argument, Judge Cohn found that even if his girlfriend's affidavit were true, three firearm crimes remained that were not addressed by the affidavit. *Id.* at 2-3. The record was "clear that [Robinson] freely and voluntarily pled guilty to all seven probation violation charges." *Id.* at 3. Judge Cohn concluded that Robinson had there-fore not met his burden to show actual innocence, no constitutional error had occurred in the action, and Robinson failed to exhaust his claims. *Id.*

4

**B.**     *The Instant Complaint*

Robinson filed a Complaint in this action on May 8, 2015. In it, he names four defendants: Faisal Afzal, Assistant Public Defender for Florida's Seventeenth Judicial Circuit; Richard Martell, Assistant State Attorney for Florida's Seventeenth Judicial Circuit; Becky Lawson, a Classification Officer with the Florida Department of Corrections; and the Florida Department of Corrections itself (the "Department"). *See generally* Compl. Robinson alleges that all four violated various constitutional rights. *See id.* at 2.

Specifically, he alleges that on June 14, 2007, Afzal permitted him to enter a plea of guilty to charges that had been dismissed by the State, in violation of his Sixth Amendment right to effective assistance of counsel, his Fifth Amendment right to protection against double jeopardy, and his Fourteenth Amendment rights to equal protection and due process. *Id.* at 3. He alleges that on July 22, 2010, Martell committed fraud upon the court by arguing in the State's response to Robinson's motion for postconviction relief that the charges that resulted in his sentence were not dismissed, in violation of his Fifth Amendment right to protection against double jeopardy and his Fourteenth Amendment rights to equal protection and due process. *Id.* He alleges that on August 13, 2013, Lawson committed malicious prosecution by filing an affidavit in support of Afzal's motion to dismiss Robinson's state tort action against Afzal currently pending in the Seventeenth Judicial Circuit Court, in violation of his Fourteenth Amendment rights to equal protection. *Id.* at 4. Finally, Robinson alleges that from August 15, 2010, until January 9, 2010, the Department held his release date "under review" and failed to adequately respond to his requests as to why his release date was under review. *Id.* at 5. He also alleges the Department accepted him into custody without the mandatory "Uniform Commitment to Custody" documents and conspired against him by accepting him into custody on what he believes is an illegal sentence,

in violation of his Eighth Amendment right to be free from cruel and unusual punishment and his

Fourteenth Amendment rights to equal protection and due process. *Id.*

He seeks compensatory, punitive, and nominal damages against all four Defendants, as well

as injunctive relief in the form of an order directing either his immediate release or transfer to a

federal facility during the pendency of this action.

C.      ***Supplemental Amended Complaint and Motion for Preliminary Injunction***

Before Judge White could file his Report, Robinson filed a Supplemental Amended Com-

plaint and Motion for Preliminary Injunction. [ECF Nos. 15 & 16]. In the Supplemental Amended

Complaint, Robinson raises a claim asserting a violation of due process, allegedly arising from a

grievance that Robinson had addressed to the Assistant Warden's Office in April 2015 but was

answered by another Department officer. *Id.* at 2. He also claims that the Department interfered

with his access to the courts when a Department officer, Milbrecht, filed an allegedly false disci-

plinary report against him in October 2015, which prevented Robinson from meeting a state court

deadline for filing a response to Afzal's motion to dismiss in the state civil suit. Supp. Am. Compl.

at 1-2. In his Motion for Preliminary Injunction, Robinson reasserts his access to court claim and

also claims the Department failed to abide by federal fire safety regulations, in violation of the

Eighth Amendment, by failing to conduct fire drills and failing to have a policy for safe and effi-

cient evacuation in the event of a fire. Mot. for Prelim. Inj. at 3-5.

D.      ***Judge White's Report***

1.      **Claims Against Afzal**

Judge White concluded that the claims against Afzal should be dismissed as barred by the

statute of limitations. Robinson claims that Afzal allowed him to plead guilty to charges which

were dismissed on June 14, 2007. In his Report, Judge White explained that Florida's residual

personal injury statute of limitations, Fla. Stat. § 95.11(3)(p), governs these claims and provides for

a four-year statute of limitations. *See* Report at 5-6 (citing *Owens v. Okure*, 488 U.S. 235 (1989)). Florida does not toll limitations periods for prisoners, *see* Fla. Stat. § 95.051, so Judge White concluded that Robinson's claims against Afzal, filed in May 2015—premised on events that occurred on June 14, 2007—are untimely and should be barred by the statute of limitations. Report at 6.

### 2.    Claims Against Martell

Judge White came to a similar conclusion regarding the claims against Martell alleging fraud on the court. Robinson alleges Martell committed fraud when he filed a response in state court to Robinson's motion for postconviction relief in 2010 that stated "[c]ontrary to the Defendant's belief none of the charges were no info'd." Compl. at 3. The statute of limitations for these claims is also four years, and thus Judge White concluded that these claims should also be considered untimely and dismissed. Report at 6-7.

### 3.    Claims Against Lawson

Judge White next recommends that the claims against Lawson for malicious prosecution and an equal protection violation should be dismissed for insufficient factual allegations because Lawson did not initiate any criminal proceedings against Robinson. *Id.* at 8. He also recommends that the equal protection claim be dismissed because Robinson has failed to allege any fact that indicates he was treated less favorably than any other prisoner and has failed to allege his discriminatory treatment was based on a constitutionally protected interest. *Id.*

### 4.    Claims Against the Department

Judge White recommends that Robinson's claims against the Department, to the extent they seek monetary damages, should be barred by sovereign immunity. *Id.* at 9 (citing, e.g., *Stevens v. Gay*, 864 F.2d 113, 115 (11th Cir. 1989)). Furthermore, any claim for injunctive relief concerning the Department's failure to adequately advise Robinson of his release date should be denied as moot, because Robinson's tentative release date is presently listed on the Department's website:

July 24, 2020. *Id.* Judge White also recommends that Robinson's claim regarding the alleged lack of Uniform Commitment to Custody documents be dismissed as without merit and barred by the statute of limitations. Specifically, the Report explains that Robinson entered the Department's custody on December 27, 2007, and his Complaint was not filed until May 2015, long after the four-year statute of limitations expired. *Id.* at 10. According to the Report, even if the Department never received these documents, Robinson has failed to show a constitutional claim, as failure to obtain the documents would be, at best, a state law issue. *Id.*

### 5. Supplemental Amended Complaint and Motion for Preliminary Injunction

Finally, Judge White concluded that the claims in the Supplemental Amended Complaint and Motion for Preliminary Injunction (the interference with access to courts claim and the Eighth Amendment claim regarding fire safety) do not originate from the same transaction or series of transactions that provide the factual basis for Robinson's initial complaint. *Id.* at 10-11. He recommends the claims be dismissed without prejudice and Robinson be instructed to file a new complaint raising these issues. *Id.* at 11.

### E. *Robinson's Motion for Special Opinion*

Instead of filing objections to the Report, Robinson filed a "Motion to Concede with Report and Recommendation with Dissenting Special Opinion." In the motion, he "request[s] that a specification be made or an opinion be written, that Plaintiff's time to bring suit began when a court or authority found sufficient evidence to find Plaintiff meets the Actual Innocence Standard and the Exoneration Rule was satisfied." Mot. for Spec. Op. at 2. He also "ask[s] this Court to issue an Opinion that the statute of limitations to bring a malpractice claim against a former attorney began not when the false charges happened, but when they were overcome by being nolle prosequi'd and confirmed by a court that an exoneration was made by doing so." *Id.* at 3.

Robinson was given fourteen days following receipt of the Report to file his objections, and he declined to file those objections as instructed in favor of filing his Motion for Special Opinion. "Although he is entitled to some leeway as a *pro se* litigant, [the plaintiff] is not exempt from the requirements of procedural rules." *Blanco GmbH Co. KG v. Vlanco Indus., LLC*, — F. App'x —, 2016 WL 424656, at *1 (11th Cir. Feb. 4, 2016) (per curiam). Under the rules governing district court review of a magistrate judge's report and recommendation, this Court would act well within its authority if it decided to review the Report only for clear error. Practically speaking, however, whether Robinson filed objections is irrelevant because the Court *sua sponte* has conducted a *de novo* review of the Report. *See Daker v. Owens*, No. 12-0459, 2014 WL 1159629, at *1 (M.D. Ga. Mar. 21, 2014), *appeal dismissed*, No. 14-11571 (11th Cir. May 9, 2014).

## II.    LEGAL STANDARD

Because the Plaintiff has moved to proceed *in forma pauperis*, the screening provisions of the Prison Litigation Reform Act, 28 U.S.C. § 1915(e), are applicable. Pursuant to that statute, the court is permitted to dismiss a suit "any time [] the court determines that . . . (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2). The standards governing dismissals for failure to state a claim under § 1915(e)(2)(B)(ii) are the same as those governing dismissals under Federal Rule of Civil Procedure 12(b)(6). *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008).

To survive a motion to dismiss, a claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). The Eleventh Circuit has promulgated a "two-pronged approach" in applying this principle: first, "eliminate any allegations in the complaint that are merely legal conclusions"; and second, "where there are well-

9

pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 679).

"[T]he pleadings are construed broadly," *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006), and the allegations in the complaint are viewed in the light most favorable to the plaintiff, *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998). In reviewing the Complaint, the Court must apply the "liberal construction to which pro se pleadings are entitled." *Holsomback v. White*, 133 F.3d 1382, 1386 (11th Cir. 1998). However, liberal construction cannot serve as a substitute to establishing a valid cause of action. *See GJR Invs., Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998). At bottom, the question is not whether the claimant "will ultimately prevail . . . but whether his complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer,* 562 U.S. 521, 530 (2011).

## III.    DISCUSSION

### A.    *Claims Against Afzal, Martell, and the Department of Corrections*

#### 1.    Claims Challenging Fact or Duration of Confinement

In his Complaint, Robinson explicitly "urges this Honorable Court to exercise its jurisdiction immediately, and . . . restore Plaintiff his freedom immediately." Compl. at 6. To the extent Robinson's claims against any Defendants challenge the fact or duration of his confinement and seek this relief, his Complaint is properly construed as a second or successive habeas petition and is barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (codified as amended at 28 U.S.C. § 2244 *et seq.*).

"Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, as amended, 42 U.S.C. § 1983. Challenges to the validity of any confinement or to particulars

affecting its duration are the province of habeas corpus. An inmate's challenge to the circumstances of his confinement, however, may be brought under § 1983." *Hill v. McDonough*, 547 U.S. 573, 579 (2006) (citations and internal quotation marks omitted); *see also Nelson v. Campbell*, 541 U.S. 637, 643 (2004) (explaining that claims challenging the fact of conviction or duration of the sentence "fall within the 'core' of habeas corpus").

On its face, Robinson's Complaint is brought pursuant to 42 U.S.C. § 1983, not 28 U.S.C. § 2254, but it challenges his state court conviction and sentencing. The Complaint is littered with allegations that Robinson was "illegally sentenced to 20 years in prison" or that he was "illegally sentenced to 20 years for no info'd charges," that the Department violated federal law by "[accepting] custody of Plaintiff after review of the file revealed Plaintiff was sentenced to no info'd charges," that the Department was involved in "illegal[ly] detain[ing]" the plaintiff, and that Afzal violated his Sixth Amendment right to effective assistance of counsel (which was previously adjudicated in his habeas action). Compl. at 2-5. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Thus, the Court considers Robinson's Complaint to be a request for habeas relief under 28 U.S.C. § 2254. And because Robinson already filed a habeas petition in this District, which was denied in January 2012, this Complaint is, in fact, Robinson's *second* habeas petition.

Under AEDPA, "[b]efore a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *Felker v. Turpin*, 518 U.S. 651, 664 (1996); *In re Hill*, 715 F.3d 284, 290 (11th Cir. 2013). This is a jurisdictional requirement. *Burton v. Stewart*, 549 U.S. 147, 152 (2007) (per curiam). A plaintiff cannot circumvent

11

AEDPA's second or successive petition requirement by labeling his habeas petition as a Complaint brought pursuant to Section 1983. *See Johnson v. Warden, Ga. Diagnostic & Classification Prison*, No. 15-0439, 2015 WL 7313395, at \*2 (M.D. Ga. Nov. 19, 2015); *see also Spivey v. State Bd. of Pardons & Paroles*, 279 F.3d 1301, 1303 (11th Cir. 2002) (per curiam) ("We treat Plaintiffs' § 1983 . . . claim as the functional equivalent of a second habeas petition, and apply the rules regulating second or successive habeas petitions." (quoting *Felker v. Turpin*, 101 F.3d 95, 96 (11th Cir. 1996) (per curiam) (internal quotation marks omitted))); *Gilreath v. State Bd. of Pardons & Paroles*, 274 F.3d 823 (11th Cir. 2001) (per curiam) (concluding that an underlying 42 U.S.C. § 1983 action challenging imprisonment was actually a habeas action subject to the restrictions on filing second or successive habeas petitions). Because Robinson has failed to apply to the U.S. Court of Appeals for the Eleventh Circuit for permission to file a second habeas petition, as required by 28 U.S.C. § 2244(b)(3)(A), this Court is without authority to consider his request for relief.

Accordingly, the Court does not adopt the Report to the extent it considered the claims against these Defendants challenging the fact or duration of Robinson's confinement, because this Court does not have jurisdiction to consider the second or successive petition in the first place. *Burton*, 549 U.S. at 152. Thus, these claims shall be dismissed with prejudice for lack of jurisdiction.

### 2. Claims Seeking Injunctive, Declaratory, and Monetary Relief for Constitutional Violations

To the extent that any of Robinson's remaining claims against these Defendants seek injunctive, declaratory, and monetary relief for alleged violations of constitutional rights, the Court adopts Judge White's analysis and recommendation that these claims be barred by the pertinent statutes of limitations.[2]

---

[2] The Court agrees with Judge White's recommendation that any claims relating to the Department's alleged failure to respond to Robinson's requests regarding his release date simply be dismissed as moot, as the Department's

12

Looking beyond a timeliness analysis, though, the claims are also barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), which held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, *or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid*, a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *Edwards v. Balisok*, 520 U.S. 641, 646 (1997) (emphasis in original) (quoting *Heck*, 512 U.S. at 486-87). If a state prisoner seeks damages in a Section 1983 suit, the district court must first "consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Heck*, 512 U.S. at 487. If it would, the Court must dismiss the complaint unless the plaintiff can demonstrate that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87. If it would *not* imply or demonstrate such an invalidity, the action should be permitted to proceed, in the absence of some other bar to suit. *Id.* at 487. The holding in *Heck* has been extended to actions seeking injunctive or declaratory relief. *See Edwards*, 520 U.S. at 646-48 (declaratory relief); *Clarke v. Stalder*, 154 F.3d 186, 189-90 (5th Cir. 1998) (claim for injunctive relief intertwined with request for damages); *Wilson v. Kinkela*, 145 F.3d 1335 (6th Cir. 1998).

A judgment in Robinson's favor on his claims that Afzal provided ineffective assistance of counsel or otherwise violated Robinson's rights by allowing him to plead guilty to the community control violations would necessarily imply that his conviction or sentence for these violations were invalid. A judgment in Robinson's favor on his claims that Martell committed fraud on the court when he filed a response in state court that asserted that none of Robinson's charges

---

website currently lists Robinson's tentative release date. Also, as Judge White aptly noted, to the extent Robinson's claims against the Department seek monetary damages, these claims are barred by the Eleventh Amendment. *See Wayne v. Fla. Dep't of Corr.*, — F. Supp. 3d —, 2016 WL 193800, at *2 (S.D. Fla. Jan. 15, 2016). These claims shall also be dismissed.

in the community control violation were dismissed by the State Attorney's Office would necessarily imply that his conviction or sentence were invalid. And a judgment in Robinson's favor on his claims that the Department illegally accepted him into custody without the Uniform Commitment to Custody documents and as part of a conspiracy in satisfaction of an illegal sentence would also necessarily imply that his conviction or sentence were invalid. *Cf. Pugh v. Smith*, 333 F. App'x 478, 480 (11th Cir. 2009) (per curiam) ("A plaintiff seeking relief based on the premise that he 'was the victim of an unconstitutional conspiracy to falsely convict him' is merely attempting to overturn his conviction and is barred by *Heck* from proceeding." (quoting *Abella v. Rubino*, 63 F.3d 1063, 1064, 1065-66 (11th Cir. 1995) (per curiam))). Therefore, the claims against these Defendants are barred under *Heck* unless Robinson demonstrates that his criminal conviction has been invalidated. He has not done so. Accordingly, he has failed to state claims against these Defendants upon which relief can be granted. All claims for injunctive, declaratory, and monetary relief against these Defendants shall be dismissed for this reason, as well.

### B.    *Claims Against Lawson*

#### 1.    Malicious Prosecution

The Court adopts Judge White's recommendation that the malicious prosecution claim against Lawson be dismissed. To state a claim for federal malicious prosecution under § 1983, a plaintiff must allege "(1) the elements of the common law tort of malicious prosecution, and (2) a violation of [his] Fourth Amendment right to be free from unreasonable seizures." *Kingsland v. City of Miami*, 382 F.3d 1220, 1234 (11th Cir. 2004) (internal quotation marks omitted). To establish "the elements of the common law tort of malicious prosecution" under Florida law, a plaintiff must allege: "(1) an original judicial proceeding against the present plaintiff was commenced or continued; (2) the present defendant was the legal cause of the original proceeding; (3) the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of

14

the present plaintiff; (4) there was an absence of probable cause for the original proceeding; (5) there was malice on the part of the present defendant; and (6) the plaintiff suffered damages as a result of the original proceeding." *Id.* (citing *Durkin v. Davis*, 814 So. 2d 1246, 1248 (Fla. 2d DCA 2002)).

Accepting the allegations in the Complaint as true, Lawson submitted an affidavit in support of Afzal's motion to dismiss the state tort action against him, and this activity is not contained within her Department of Corrections job description. Compl. at 4. But regardless of the veracity of these allegations, Robinson is unable to plausibly allege the elements required to support a claim of malicious prosecution. No new "original judicial proceeding" was commenced or continued against him, so Robinson fails to satisfy the first element. *Kingsland*, 382 F.3d at 1234. He has been continuously incarcerated since 2007, when he admitted to violating his community control. Lawson filed her affidavit on August 13, 2013, nearly six years later, in a state tort suit that *Robinson himself* commenced against Afzal. Thus, Lawson also could not be "the legal cause" of that proceeding, so Robinson fails to satisfy the second element, as well. *Id.* Accordingly, because the malicious prosecution claim "is without arguable merit either in law or fact," it shall be dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing *Caroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam) ("A case is frivolous under section 1915(d) [now section 1915(e)(2)(B)(ii)] when it appears the plaintiff has little or no chance of success." (citations and internal quotation marks omitted))).

According to Federal Rule of Civil Procedure 15(a)(1), a party may amend his pleading once as a matter of course at any time before a responsive pleading is served, but a district court need not allow any amendment when amendment would be futile. *See Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) (per curiam). Because the Court finds that amendment of this claim

would be futile, Robinson will not be permitted to amend his Complaint on this claim, and the claim shall therefore be dismissed with prejudice.

### 2.      Equal Protection

The Court agrees with Judge White's recommendation that Robinson's equal protection claim against Lawson fails. To state a claim under the Equal Protection Clause, a prisoner can allege that "(1) he is similarly situated with other prisoners who received more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest," such as race, religion, or national origin. *Smith v. Reg'l Dir., Fla. Dep't of Corr.*, 368 F. App'x 9, 12 (11th Cir. 2010) (per curiam) (quoting *Jones v. Ray*, 279 F.3d 944, 946-47 (11th Cir. 2001) (per curiam)); *see also Jackson v. Brewton*, 595 F. App'x 939, 943 (11th Cir. 2014) (per curiam). Robinson's Complaint "does not allege that he was treated differently than similarly situated persons or that he was discriminated against based on a constitutionally protected interest, so his equal protection claim also fails." *Bryant v. Ruvin*, 477 F. App'x 605, 607 (11th Cir. 2012) (per curiam). However, because it is possible that Robinson could amend his complaint to state a claim for equal protection now that he has been informed of the relevant legal standard, the Court will dismiss this claim ***without*** prejudice and grant him leave to amend.

### C.      *Supplemental Amended Complaint and Motion for Preliminary Injunction*

The Court adopts Judge White's recommendation that the Supplemental Amended Complaint and Motion for Preliminary Injunction be denied. In these filings, Robinson seeks to add a new claim for interference with access to the courts, arising from the filing of an alleged false disciplinary report which kept him from meeting a state court filing deadline, and a new claim asserting an Eighth Amendment violation (and, he states, a potential class action alleging an Eighth Amendment violation), arising from an alleged failure to comply with federal fire safety regulations or perform fire drills. *See* Supp. Am. Compl.; Mot. for Prelim. Inj.

The Court construes the Supplemental Amended Complaint as a motion for leave to file an amended complaint pursuant to Federal Rule of Civil Procedure 15(a). Under this rule, a party may amend his pleading once as a matter of course within twenty-one days after service of a motion under Rule 12(b). Fed. R. Civ. P. 15(a). Otherwise, a pleading may be amended only by the parties' consent or leave of court. *Haynes v. McCalla Raymer, LLC*, 793 F.3d 1246, 1250 (11th Cir. 2015). "Although [l]eave to amend shall be freely given when justice so requires, a motion to amend may be denied on numerous grounds such as . . . futility of the amendment." *Maynard v. Bd. of Regents of Div. of Univs. of Fla. Dep't of Educ. ex rel. Univ. of S. Fla.*, 342 F.3d 1281, 1287 (11th Cir. 2003) (citation and internal quotation marks omitted).

Robinson shall not be granted leave to amend his Complaint to add these claims because amendment would be futile. Under Federal Rule of Civil Procedure 18(a), a plaintiff may generally bring as many claims as he has against a single party. Fed. R. Civ. P. 18(a). But a plaintiff may join multiple defendants in a single action only if the right to relief asserted against them arises "out of the same transaction, occurrence, or series of transactions or occurrences" and if "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a); *see Smith v. Owens*, 625 F. App'x 924 (11th Cir. 2015) (per curiam). Robinson's "status as a *pro se* litigant d[oes] not relieve him of the obligation to comply with Rule 20(a)." *Smith v. Warden, Hardee Corr. Inst.*, 597 F. App'x 1027, 1030 (11th Cir. 2015) (per curiam).

The only defendant remaining in this action after the Court's Order today is Lawson—and only if Robinson amends his Complaint within the granted time to sufficiently state a claim against her for a violation of equal protection. Allegations that various Department officers improperly answered a grievance in April 2015 or filed an allegedly false disciplinary report in October 2015 in no way arises out of the same transaction, occurrence, or series of transactions or occurrences as Lawson's affidavit filed in August 2013. Though both of these newly alleged

17

events are tangentially related to Robinson's state court case, no possible question of law or fact common to Lawson and these other putative defendants could arise in this action. Similarly, the Department's alleged failure to comply with fire codes also does not relate to the equal protection claim against Lawson. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (stating that "multiple claims against a single party are fine . . . but unrelated claims against different defendants belong in different suits," not only to prevent unwieldy litigation "but also to ensure that prisoners pay the required filing fees"); *see also Smith v. Conner*, No. 12-0052, 2012 WL 1676643, at *1 (M.D. Fla. May 14, 2012).[3]

If Robinson wishes to bring these claims against these putative defendants, he will have to file a new Complaint in a new action and be assigned a new case number. Thus, the Supplemental Complaint, construed as a motion for leave to amend the complaint, shall be denied. The Motion for Preliminary Injunction shall likewise be denied.

### D.      *Motion for Special Opinion*

Finally, in his Motion for Special Opinion, Robinson asks this Court to inform him of the rule regarding the accrual date for the statute of limitations on a legal malpractice claim when a court finds sufficient evidence that a plaintiff meets the "Actual Innocence Standard" or satisfies the "Exoneration Rule"—issues that apparently influence his state court action against Afzal. *See* Mot. for Spec. Op. at 2-3. Under Article III of the U.S. Constitution, the judicial power of the federal courts is restricted to "cases" and "controversies." U.S. Const. art. III. No justiciable controversy is presented when a party asks for an advisory opinion. *Flast v. Cohen*, 392 U.S. 83, 95

---

[3]   Notably, many of Robinson's claims could also be dismissed under Rule 20(a). The claims against Afzal arising from Robinson's guilty plea do not arise out of the same transaction or occurrence as (nor are they otherwise "logically related" to) the claims against Martell arising from Robinson's postconviction litigation, and the claims against those Defendants are, in turn, not logically related to the claims against the Department arising from his confinement or against Lawson arising from her participation in Robinson's state tort suit against Afzal. *See Readon v. Kilgo*, No. 10-0236, 2012 WL 3590039, at *2 (M.D. Fla. Aug. 20, 2012).

(1968). Robinson's request seeks an advisory opinion and therefore does not present a justiciable case or controversy. Accordingly, the Motion for Special Opinion shall be denied.

## IV.    CONCLUSION

For the reasons set forth above, it is **ORDERED AND ADJUDGED** as follows:

(1)    Judge White's Report and Recommendation [ECF No. 21] is **ADOPTED IN PART**;

(2)    all claims against Defendants Afzal, Martell, and Department of Corrections are **DISMISSED WITH PREJUDICE**;

(3)    the claim for malicious prosecution against Defendant Lawson is **DISMISSED WITH PREJUDICE**;

(4)    the claim for equal protection violation against Defendant Lawson is **DISMISSED WITHOUT PREJUDICE**. The Plaintiff shall have 30 days following receipt of this Order to file an Amended Complaint alleging, with the requisite factual support, a claim against Defendant Lawson. If the Plaintiff does not amend his complaint in that time, this claim will be dismissed with prejudice;

(5)    the Plaintiff's Supplemental Amended Complaint [ECF No. 15], which the Court construes as a motion for leave to file an amended complaint, is **DENIED**;

(6)    the Plaintiff's Motion for Preliminary Injunction [ECF No. 16] is **DENIED**;

(7)    the Plaintiff's Motion to Concede with Report and Recommendation with Dissenting Special Opinion [ECF No. 22] is **DENIED**; and

(8)    this case shall be **CLOSED** administratively.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 11th day of March, 2016.

_____

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

19